IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ERIC-House of Helstrom,

Plaintiff,

v.                                                     No. 19-4083-SAC

STATE OF KANSAS and
LAURA KELLY, Governor,

Defendants.


MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Mark Eric's

response (ECF# 8) to the Magistrate Judge's Notice and Order to Show

Cause (ECF# 7). On September 12, 2019, the court received from Mark Eric

a complaint[1] for filing without payment of the statutory filing fee of $350 and

the administrative filing fee of $50. ECF# 1. The next day, he was mailed a

notice of deficiency that stated in part that he had failed to submit a motion

to proceed in forma pauperis ("ifp"). Mark Eric responded with a filing

entitled, "Clarifications on Notice of Deficiency." ECF# 3. He argues there

that a filing fee is extortion for exercising his constitutional right to petition

for redress and cites *Crandall v. State of Nevada*, 73 U.S. 35 (1867), as

---

[1] He titles his complaint, "Slavery, Human Trafficking and Extortion," and
alleges in part that he has "irrevocably revoked his consent to be governed"
by the State of Kansas and that he has "irrevocably revoked any
agreements, contracts or . . . implied agreements" with the State. ECF# 1.

1

establishing the right to free access to the courts. He also contends his complaint is properly filed as it was delivered to the clerk pursuant to Fed. R. Civ. P. 5(d)(2)(A). He also demanded that the court issue the summonses he submitted. His response included no motion to proceed ifp or affidavit in support.

On October 16, 2019, Mark Eric filed a pleading entitled, "This is a Serious and Urgent Situation Presenting a Risk of Irreparable Harm— Immediate Attention Required." ECF# 4. He opens by declaring that he does not consent to a magistrate judge and that 34 days have passed since he filed his complaint and the defendants failed to serve an answer within the 21-day period of Fed. R. Civ. P. 12. Both arguments are legally mistaken. The 21-day period commences with the service of a summons and complaint, and no summons have been issued in this case for service because the plaintiff has failed to pay the statutory filing fee under 28 U.S.C. § 1914 and failed to comply with the statutory ifp provisions of 28 U.S.C. § 1915. Thus, the 21-day period has yet to commence. *See Riggs v. City of Wichita, Kan.*, 09-1105-EFM, 2010 WL 5392018, at *2 (D. Kan. Dec. 21, 2010). The district court may designate a magistrate judge to perform the duties outlined in 28 U.S.C. § 636(b)(1) without the parties' consent. This is what occurred here, as the magistrate judge issued the order to show cause in the exercise of her powers under § 636(b)(1)(A).

In the meantime, as the electronic docket sheet reflects, the clerk sent a "pro se packet and electronic notification registration form" to Mark Eric. A week later, the plaintiff filed a pleading entitled "Recusal of Sam A. Crow" in which he purports to recuse the assigned district court judge pursuant to 28 U.S.C. §§ 144 and 455(a). He presumes to allege bias evidenced solely on the judge's failure to grant him immediate relief when the defendants have failed to file any answers and his complaint has been on file for more than 21 days. ECF# 6. As noted above, the summonses have not been issued or served. Thus, the defendants have not procedurally defaulted as to justify relief for the plaintiff. The plaintiff's motion to recuse is speculative and baseless. The plaintiff has not complied with 28 U.S.C. § 144, because he has submitted no affidavit sufficient in showing personal bias or prejudice against him. This motion is summarily denied.

The federal statute, 28 U.S.C. § 1914, mandatorily requires this Court to collect a filing fee, "The clerk of each district court shall require the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee …." 28 U.S.C. § 1914(a). Thus, the plaintiff has no basis for arguing that a filing fee requirement is extortion or an unlawful taking. The plaintiff's reliance on *Crandall* is misplaced as the Supreme Court there found "the right of American citizens to travel interstate—for example, to petition their government in Washington—was inherent in our union." *State of Kan. v.*

3

*United States*, 16 F.3d 436, 441 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 945 (1994). Not only is the right to travel not implicated by § 1914, but federal courts since *Crandall* "have seldom encountered either federal or state laws which directly burden interstate travel." *Id. See also United States v. Wheeler*, 254 U.S. 281, 299-300 (1920) (limited *Crandall's* applicability to the validity of state action that burdens federal government functions and citizens' rights "growing out of such functions.").

A party financially unable to pay the statutory filing fee is still provided access to federal courts through the operation of 28 U.S.C. § 1915(a). This statute authorizes "the commencement, … of any suit, action or proceedings, …, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets … [and] that the person is unable to pay such fees …." In addition, the "affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. In enacting § 1915, "Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotation marks omitted). "The right of access to the courts is neither absolute nor unconditional …." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994)(internal quotation marks and brackets omitted). Stated another way, a party's free access to the court

4

does not mean that a party is free to ignore the federal statutes and orders of the federal court. The plaintiff Mark Eric is not being denied access based on any alleged inability to pay but on his repeated refusal to comply with requirements of federal law and the orders of this court after being notified through the notice of deficiency and the magistrate judge's notice and order to show cause. The delay in this case is due to the court giving the plaintiff repeated opportunities to cure, all of which he rejected.

Under Fed. R. Civ. P. 41(b), a district court may dismiss an action, if "the plaintiff fails to prosecute or to comply with these rules or a court order." *Young v. U.S.*, 316 Fed. Appx. 764, 771 (10th Cir. Mar. 12, 2009), *cert. dismissed*, 558 U.S. 805 (2009). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir.2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b). *Id.* at *6 (citations omitted). The court finds that this action must be dismissed pursuant to Rule 41(b) because the plaintiff has failed to pay a filing fee required by § 1914, refused to comply with the ifp requirements of § 1915(a), and failed to show cause why this action should not be dismissed without prejudice.

IT IS THEREFORE ORDERED that the plaintiff's motion to recuse (ECF# 6) is denied;

IT IS FURTHER ORDERED that this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the reasons stated above.

Dated this 6th day of November, 2019, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge